**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Mercedes Pluma,<br>Plaintiff,<br>v.<br>Starbucks Corporation,<br>Defendant. | Case No. 2:26-cv-02596-RFB-DJA<br><br>**Order** |

Pro se Plaintiff Mercedes Pluma filed an application to proceed *in forma pauperis* (which means to proceed without paying the filing fee). (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I. <u>Discussion.</u>**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg*., No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Plaintiff leaves question 1 blank on her application. While the Court can infer that Plaintiff is not incarcerated, she must make that clear on the application. In response to question 3, which requires a party to list any income other than employment, Plaintiff has marked that she receives money from two other sources: a "[b]usiness, profession, or other self-employment," and "[a]ny other sources." She then lists unemployment benefits that she received, but does not list any other source of income, despite having checked two boxes. Plaintiff has also left question 8 blank without indicating whether it applies to her. Finally, Plaintiff has not dated or signed her application.

Given these issues, it appears that Plaintiff has omitted information from the application. The Court therefore cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that she receives, state the amount she received, and what she expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

However, the Court informs Plaintiff that she has not signed his complaint (ECF No. 1-1 at 8) and that Plaintiff may not proceed with an unsigned complaint. *See* Fed. R. Civ. P. 11. Plaintiff must file a signed complaint along with her filing fee or renewed application to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **September 21, 2026,** to (1) file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee; and (2) file a signed complaint. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: August 21, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.